GeoROíe ANDREWS, J.,
deliyered. the opinion of the Court.
This was an action upon a hill single, brought by Whitworth, as executor, in the Circuit Court of Davidson County, against Woodfolk, the present plaintiff in error.
The action was commenced by summons, which was personally served upon Woodfolk, the defendant below, who, upon the filing of the declaration, appeared by attorney and filed pleas of the general issue, and of payment.
The plaintiff also, at the time of issuing the summons, filed an affidavit, and procured a writ of ancillary attachment- There was an irregularity in the date of the affidavit and in the test of the attachment, but we do not think this material. The only recital or statement of facts in the plaintiff’s affidavit, was, “that W. W. Woodfolk is justly indebted to him in the sum of five thousand dollars, and interest, by note due, and that the said W. W. Woodfolk, is about fraudulently to dispose of his property.”
The writ of attachment was in the form prescribed in the Code, sec. 3474, except that it contained the following recital: . “Ancillary to a suit at law this day commenced.”
Upon this writ of attachment, the Sheriff returned, that he had levied the same upon 389 shares of the *563 stock of the Union Bank, as tbe property of tbe defendant.
Two days after the issuance of the writ of attachment, a notice in garnishment was issued by the Clerk of the Circuit Court of Davidson County, directed to, and served upon, J. W. Allen, Trustee of the Union Bank, commanding him to appear at the next term of said Circuit Court, and disclose what he was indebted to the defendant Woodfolk, and what effects of said defendant he had in his hands. At the return term, said Allen filed his answer to the garnishee notice, stating that there was standing on the books of the said Union Bank, to the credit of the defendant, three hundred and eighty nine shares of the stock of said Bank; and that there was also due and payable to the said defendant fifteen hundred and fifty-six dollars dividends.
At the September Term, 1867, the principal cause was tried by a jury in said Circuit Court, and a judgment rendered in favor of the plaintiff for $5,426.19, and costs; and on the next day, an order was made, which, after reciting the notice in garnishment issued to Allen, and the statements in his answer thereto, proceeded as follows: “It is therefore, considered by the Court, that the plaintiff have judgment against the said Jos. W, Allen, Trustee for the Union Bank of Tennessee, for said fifteen hundred and fifty-six dollars, and an order of sale against the defendant to sell said Bank stock attached in this cause, and all other needed process.”
The defendant, Woodfolk, has filed a transcript of *564 the record in this Court, for error. The garnishee, Allen has taken no appeal or writ of error.
It is claimed by the counsel for Woodfolk, plaintiff in error, that the notice to the garnishee, Allen, was void, for the reason that it was signed and issued. by the Clerk of the Court, instead of by the Sheriff; but we think that the appearance and answer of the garnishee waived this defect, if it be one.
But it is insisted, also, that the attachment issued in this case, was void, because neither the writ nor the affidavit upon which it issued, contain a sufficient reference to, and description of, the principal suit, in aid of which the writ issued; and this objection we are compelled to sustain.
The doctrine has been distinctly laid down by this Court, in a series of cases, commencing with Thompson vs. Carper, 11 Hum., 542, that an ancillary writ of attachment is void, unless it is stated in the affidavit, and alleged in the attachment, that a suit has been commenced by the plaintiff against the defendant; the nature thereof, the tribunal in which it is depending, the amount of damages laid in the action, and that the cause of action stated is just: “Morris vs. Davis, 4 Sneed 453; Smith vs. Foster, 3 Cold., 140.
An able effort has been made, by the counsel for the defendant in error in this case, to show that the rule above recited, is not the law. But the rule, though originating in a dictum merely, in the case first above cited, has been so long recognized by our Courts, and has been so often acted upon, and expressly affirmed by tthe Supreme Court of this State, in the *565 aboye cases, and in numerous others, reported and unreported, and arising since, as well as before the Code, that we do not now feel at liberty to question the validity of the principle thereby established. In short, these cases must be considered as having established the principle as the law of this State, that in cases of ancillary attachment, both the writ and the affidavit must refer to and describe and identify the suit in aid of which the writ issues, so as to show unmistakably, upon their face, that they form an adjunct of that particular proceeding.
What our decision should be, if a case were to be presented, in which the attachment papers, though clearly referring to, describing and identifying the principal suit, .should still fall short in one or more particulars, of perfect conformity to the rule enunciated in the above cited cases, we do not now assume to say. But we are agreed, that in the present case, the affidavit and writ of ancillary attachment do not conform to the requirements of that rule, either in its letter or its principle. There is in neither writ nor affidavit, any reference or allusion to the principal suit, except the phrase in the writ: “Ancillary to a suit at law this day commenced;” and no notice is thereby given to the defendant and others, of the nature of the suit, the parties thereto, or of the tribunal in which it is pending. We, therefore, hold, that the ancillary writ of attachment in this case, is void.
It is insisted, however, that the invalidity of the at-, tachment is waived by the appearance of the defendant, *566 and his pleading to the merits of the principal action; and, that defects of whatever character, in the affidavit or writ, can he taken advantage of only by motion to dismiss, or by plea in abatement. This is undoubtedly true in cases where the proceedings are irregular and voidable merely, but not where they are absolutely void. A void proceeding is an absolute and complete nullity, and cannot be waived by the subsequent proceedings of either party: 1 Tidd. Pr., 515.
It follows, therefore, that the order, directing the sale' of the Bank stock of the defendant in this case, having no foundation, other than the attempted levy of a void writ of attachment, is itself, void.
But it is insisted for the defendant in error, that as the Code, sec. 3493, provides, that the judgment “condemning the property or debt in the hands of the garnishee, to the satisfaction of the plaintiff’s demand, is conclusive between the garnishee and the defendant,” the judgment rendered in the present case against Allen as garnishee, for the fund in his hands belonging to the defendant, must be held to be valid. We do not think so. The garnishment proceeding is based upon the writ of attachment, and is a part of the attachment proceeding, and must stand or fall with it. The officer had no authority to summon the garnishee, except by virtue of the writ in his hands; and though the garnishee voluntarily submits to answer, the Court acquires no jurisdiction of the subject matter of the defendant’s effects in his hands, except by means of a. valid writ of attachment first issued. The garnishee, *567 in tbe case before ns, could not be protected against a future claim on tbe part of tbe principal defendant, by proceedings or judgments of a Court, which were absolutely null and void as to that defendant. Tbe section of tbe Code, above cited, contemplates tbe existence of a legal and valid attachment against tbe principal defendant, and cannot be held to apply to a case where tbe whole attachment proceeding is void. And we do not think that it can be claimed, that tbe garnishee is bound, for bis own protection, to appeal from a judgment in a case like tbe present, where tbe Court can see from tbe record, that tbe whole proceeding is a nullity: Haynes vs Gates, 2 Head, 598.
Tbe original judgment in favor of tbe plaintiff, for tbe amount of bis debt, will be affirmed, and the plaintiff will have execution from this Court. Tbe order of sale of tbe Bank stock, and tbe judgment against tbe garnishee, Allen, will be reversed and annulled. Tbe costs in this Court, and tbe costs of tbe attachment and garnishment, will be taxed against tbe plaintiff below.